UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


|                              )
UNITED STATES OF AMERICA      )
                              )
         v.                   )    CRIM. NO. 14-CR-10348-DPW
                              )
RICHARD WEED                  )
                              )

### DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OF UNCHARGED CONDUCT

The defendant, Richard Weed, moves to exclude all evidence of alleged illegal conduct by the defendant other than that charged in the indictment. In particular, this Court should exclude any evidence purporting to show that the defendant engaged in any illicit conspiracies or schemes relating to any companies or business entities not referenced in the indictment. This includes any evidence that certain clients of the defendant's law practice – other than "CC-1" and "CC-2" - have been charged criminally or pursued civilly based upon alleged misconduct in their business dealings. Admission of any such evidence would violate Rules 403 and 404 of the Federal Rules of Evidence (hereinafter, "Rule 403" and "Rule 404").

### Background

The defendant is a licensed attorney. The indictment alleges that the defendant, while serving in this capacity, knowingly conspired with his clients, CC-1 and CC-2, to engage

1

in a scheme to defraud and to employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities.

The defendant is aware that certain clients of his law practice have been charged criminally in other jurisdictions for alleged conduct relating to their business practices. The defendant has not been charged criminally other than in the instant case.

## Argument

Rule 404(b) provides that evidence of a defendant's prior bad acts may not be admitted to prove his criminal character or propensity to commit crimes of the sort for which he is on trial. *United States v. Varoudakis*, 233 F.3d 113, 118 (1st Cir. 2000). To admit evidence of prior bad acts, a trial court must find that the evidence passes two tests. First, the evidence must have "special relevance" to an issue in the case such as intent or knowledge, and must not include "bad character or propensity as a necessary link in the inferential chain." *Id.* (citing *United States v. Frankhauser*, 80 F.3d 641, 648 (1st Cir. 1996)). Second, under Rule 403, evidence that is specially relevant may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *Id.* Evidence should be excluded under Rule 403 where there is a "genuine risk that the emotions of the jury will be excited to

irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." *United States v. Mount*, 896 F.2d 612, 623 (1st Cir. 1990)(quoting *United States v. Fields*, 871 F.2d 188, 198 (1st Cir. 1989)).

Here, any evidence relating to criminal charges being brought against other clients of the defendant fails both prongs of the test for admissibility. The mere fact that these individuals have been charged has no relevance to the case at bar. The government cannot show that the defendant played any role in their alleged offenses. Introduction of this evidence would invite the jury to engage in unbridled speculation.

Even if the government could establish a nexus between this case and the cases against the defendant's former clients, such evidence would have no legitimate evidentiary purpose. The danger of unfair prejudice from such evidence is considerable. There is a substantial risk that the jury would draw a negative inference against the defendant from the mere fact that his clients were charged criminally, i.e. the jury would presume guilt by association. This risk substantially outweighs the any minimal probative value of such evidence.

Accordingly, the defendant moves that this Court exclude any alleged illegal conduct by the defendant other than that charged in the indictment, including any evidence that his former clients were charged criminally or were sued civilly for

3

conduct relating to their business dealings.

                                Richard Weed
                                By His Attorneys,

                                CARNEY & ASSOCIATES

                                */s/ J. W. Carney, Jr.*
                                J. W. Carney, Jr.
                                B.B.O. # 074760

                                */s/ Samir Zaganjori*
                                Samir Zaganjori
                                B.B.O. #663917

                                Carney & Associates
                                20 Park Plaza, Suite 1405
                                Boston, MA 02116
                                617-933-0350  tel
                                jcarney@CARNEYdefense.com
                                szaganjori@CARNEYdefense.com

Dated: April 11, 2016

<u>Certificate of Service</u>

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

                                */s/ J. W. Carney, Jr.*
                                J. W. Carney, Jr.

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)<br>RICHARD WEED     )<br>) | CRIM. NO. 14-CR-10348-DPW |

## **AFFIDAVIT SUPPORTING DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OF UNCHARGED CONDUCT**

I, J. W. Carney, Jr., state that the facts contained in the attached motion are true to the best of my information and belief.

Signed under the penalties of perjury.

*J. W. Carney, Jr.*

J. W. Carney, Jr.

April 11, 2016

5