United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Richard Weed,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Criminal Action No.<br>) 14-10348<br>)<br>) |

MEMORANDUM & ORDER

GORTON, J.

Pending before the Court is the motion of petitioner Richard Weed ("Weed" or petitioner") for reconsideration of this Court's denial of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Docket No. 280). Weed maintains that, in light of recent rulings by the United States Supreme Court ("the Supreme Court"), it was clear error to conclude that his trial attorney, Jay Carney ("Attorney Carney") did not render ineffective assistance of counsel. The Court respectfully disagrees. For the reasons that follow, the motion will be denied.

I. **Background**

The factual and procedural background of this case is described in detail in prior rulings of this Court and that of the First Circuit Court of Appeals ("the First Circuit"). See,

-1-

e.g., United States v. Weed, 873 F.3d 68 (1st Cir. 2017); Sec. & Exch. Comm'n v. Weed, 315 F. Supp. 3d. 667 (D. Mass. 2018). As relevant here, in May, 2016, a jury found Weed guilty of multiple counts of fraud for his role in a scheme to sell worthless stocks to the public at temporarily inflated prices. Weed, a securities lawyer, drafted opinion letters in which he falsely represented that 1) his co-conspirators, who owned majority stakes in the companies in question, were not, in fact, affiliates of those companies and 2) the non-affiliate status of his co-conspirators rendered the stocks eligible for a statutory safe harbor under 17 C.F.R. § 230.144 ("Rule 144") thereby exempting them from registration requirements.

After the adverse verdict, Weed retained new counsel and moved for a judgment of acquittal and new trial. In his motions, Weed insisted that, regardless of any knowing misstatements he made about the applicability of Rule 144, the stocks were exempted from registration requirements by virtue of a separate provision: Section 3(a)(9) of the Securities Act ("Section 3(a)(9)"). Thus, according to Weed, his opinion letters "were correct, even though for the wrong reasons."

Another session of this Court denied the motions and rejected Weed's proffered reading of Section 3(a)(9) as

> a recent contrivance . . . nowhere supported by any

-2-

>    materials or glosses and certainly not supported by a
>    careful analysis of the historic development of Section
>    3(a)(9) and the Securities Act of '33 and the Securities
>    and Exchange Act of '34.

Sent'g Tr., 24:12-19, Dkt. No. 196.

Weed appealed the ruling but the First Circuit affirmed, concluding that his interpretation of Section 3(a)(9) was "contrary to the reading that the SEC has consistently employed for more than eighty years." Weed, 873 F.3d at 72.  Moreover, the court continued, even accepting Weed's interpretation would not "negate[] the federal prohibitions on fraud that the jury found him to have violated." Id. at 73.  That is because Weed made willful misrepresentations not only with respect to the applicability of Rule 144 but also as to the underlying reason for its enactment, i.e., that his co-conspirators were not affiliated with the companies of which they were, in fact, majority stakeholders.  In short, even if Weed is right that the Section 3(a)(9) exemption applies to the companies' shares, that has no bearing on his convictions.  In arriving at its decision, the First Circuit treated the question as having been preserved by Attorney Carney, applying the more generous de novo standard of review because "Weed's claims [were] easily disposed of on the merits." Id. at 72.  Weed petitioned the Supreme Court for a writ of certiorari but that petition was denied.

After a further dispute with the government regarding allegations of withheld evidence, Weed moved to vacate his convictions under 28 U.S.C. § 2255, alleging Brady and Giglio violations as well as ineffective assistance of counsel. Among the many criticisms of Attorney Carney's representation was that he should have pursued at trial a defense under Section 3(a)(9). Had he done so, Weed insists,

> it could have raised important questions for the jury about Mr. Weed's intent, the materiality of the opinion letters, and other aspects of the government's case - all tending to increase the chance that one juror would find reasonable doubt and change his or her vote.

This Court rejected that argument. Consistent with the standard for claims of ineffective assistance of counsel established in Strickland v. Washington, 466 U.S. 668 (1984), Weed was not prejudiced by Attorney Carney's failure to raise a Section 3(a)(9) defense. The Court pointed to the First Circuit's decision wherein, after reviewing de novo Weed's Section 3(a)(9) argument, it held that such a defense would not have created a "reasonable probability" of an acquittal necessary for a viable Sixth Amendment claim. Id. at 669. The Court also cited its 2018 decision in SEC v. Weed, 315 F. Supp. 3d. 667 (D. Mass. 2018), in which it, consistent with the First Circuit and another session of this Court before it, rejected Weed's novel interpretation of Section 3(a)(9).

-4-

Weed asks this Court to revisit that conclusion once more in his pending motion for reconsideration.

## II. Legal Standard

A court may grant reconsideration under Fed. R. Civ. P. 59 only if the movant demonstrates that an intervening change in controlling law, a clear legal error or newly discovered evidence warrants modification of the judgment. In re Genzyme Corp. Sec. Litig., 754 F.3d 31, 46 (1st Cir. 2014) (citing Fed. R. Civ. P. 59). A party cannot use a motion for reconsideration to "rehash arguments previously rejected or to raise ones that" could or should have been made before a judgment was entered. Soto-Padro v. Pub. Bldgs. Auth., 675 F.3d 1, 9 (1st Cir. 2012). Mere disagreement with a judicial decision is not an adequate basis for reconsideration. Ofori v. Ruby Tuesday, Inc., 205 Fed. App'x 851, 852-53 (1st Cir. 2006).

Although a court has "substantial discretion and broad authority to grant or deny" a motion for reconsideration, Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81-82 (1st Cir. 2008), the Supreme Court has cautioned that

> courts should be loath to reconsider orders in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.

Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n.8

(1983)) (internal quotation marks omitted).

### III. Application

Petitioner urges this Court to reconsider its rejection of his claim of ineffective assistance of counsel because the Court relied, in part, on its prior interpretation of Section 3(a)(9) in SEC v. Weed. That interpretation, Weed maintains, is no longer good law because the Court deferred to the SEC's interpretation of the statute, in violation of Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024), and Thompson v. United States, 145 S. Ct. 821 (2025). As such, his argument goes, the Court's 2025 ruling was clear legal error.

Weed's argument is unavailing on several fronts.

As a preliminary matter, Weed contends that this Court, in its 2018 decision SEC v. Weed, "agreed with [his] plain reading of the statute," yet felt compelled to defer to the SEC's contradictory reading. Not so. The Court explicitly stated, "both the plain language and the statutory purpose [led it] to reject Weed's novel reading of the Section 3(a)(9) exemption." 315 F. Supp. 3d at 679 (emphasis added). In short: the Court found no ambiguity in the plain text of Section 3(a)(9) and, as such, Loper Bright's prohibition on deferral to agency interpretation of ambiguous statutes does not undermine this Court's statutory interpretation.

Even if Loper Bright and Thompson had, in fact, undercut

-6-

this Court's prior interpretation of Section 3(a)(9), there would be no secondary effect on its decision to deny Weed's §2255 motion. The Court's passing reference to SEC v. Weed was not essential to its assessment of his Sixth Amendment claim and thus does not necessitate reversal on reconsideration. See Davalos v. Baywatch, Inc., No. 21-11075-NMG, 2025 WL 1135570, at *2 (D. Mass. Apr. 17, 2025) (concluding that the court's brief reference to an unpublished case that was not central to the court's decision did not amount to a "manifest error" warranting reconsideration); Audette v. Carrillo, No. 15-CV-13280-ADB, 2017 WL 1025668, at *6 (D. Mass. Mar. 16, 2017) (denying reconsideration because the "alleged errors of reasoning" did not alter the prior holding).

Instead, the Court's thesis, which Weed ignores, was that the First Circuit had already found that he was not prejudiced by a failure to raise a Section 3(a)(9) defense. As the First Circuit articulated, Weed's conviction would stand even accepting as accurate his "novel" interpretation of Section 3(a)(9).

Loper Bright and Thompson, therefore, do not suggest that Attorney Carney's failure to raise a Section 3(a)(9) defense prejudiced Weed. Even if that were the case, those decisions would not warrant reversal of this Court's finding that Attorney Carney did not render ineffective assistance of counsel.

-7-

Strickland is a conjunctive framework, requiring a showing not just of deficient performance but also of prejudice. United States v. Cruz, 320 F. Supp. 3d 299, 303 (D. Mass. 2018). Weed needed to demonstrate that Attorney Carney's failure to raise a Section 3(a)(9) defense was "so patently unreasonable that no competent attorney would have made it." Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006). Weed did not do so.

A defense under Section 3(a)(9) requires a reading of the statute that this Court and others have characterized, at best, as "novel" and at worst, as "unconvincing" and a "contrivance [that is] nowhere supported" in the statute's text, legislative history or prior interpretations by the SEC. The Sixth Amendment does not put the onus on trial counsel "to be clever or inventive, or to advocate a claim not yet announced in the law." Baez-Gil v. United States, No. 12-cv-266-JL, 2013 WL 2422803, at *4 (D.N.H. June 4, 2013) (quoting Williams v. Alabama, No. 07-cv-1276, 2012 WL 1339905, at *72 (N.D. Ala. Apr. 12, 2012)). The Court finds no deficient performance in Attorney Carney's failure, intentional or otherwise, to advance such a long-shot legal theory. See United States v. Davis, 406 Fed. App'x 268, 271 (10th Cir. 2010) (holding that "failing to contemplate, or choosing not to advance, [a] novel theory" is not ineffective assistance of counsel).

In essence, Weed's motion misconstrues the relevant

inquiry. It does not ask the Court to reconsider its Sixth Amendment analysis but, rather, to give Weed one more bite at the apple to advance his theory of Section 3(a)(9). The Court declines to do so not because his theory is mistaken, although it is, but because his motion does not address the legal question with which the Court is faced, namely: Was it clear error for this Court to conclude that Attorney Carney did not render ineffective assistance of counsel? The answer, for all the reasons stated above, is no.

### ORDER

For the foregoing reasons, petitioner's motion for reconsideration (Docket No. 280) is **DENIED**.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
Senior United States District Judge

Dated: June 26, 2025